# GLACIER LAW LLP

41 Madison Avenue,
SUITE 2529,
NEW YORK, 10010
EMAIL: RUOTING.MEN@GLACIER.LAW
WEB: WWW.GLACIER.LAW

TELEPHONE (312) 270-0413
FACSIMILE (312) 801-4587

**November 28, 2022**

**Via Electronic Case Filing**

Honorable Steward D. Aaron
United States District Court
Southern District of New York
500 Pearl St. New York, NY 10007-1312

      Re: *Dongguan Fengshang Industrial Co. Ltd. v. Soho Partners Group LLC, et at.*
            Case No: 1:22-cv-06275-SDA
      **Response To Defendants' Compel vacatur of Clerks Certificate of Default**

Dear Judge Aaron:

    Glacier Law represents Plaintiff Dongguan Fengshang Industrial Co. Ltd.("Plaintiff") for the above-referenced matter. Pursuant to your Honor's Order dated on November 14, 2022, Plaintiff files this letter motion in response to Defendant Soho Partners Group LLC("Soho Partners"), Michael Fashion Consulting LLC("Michael Fashion"), Ringerjeans LLC("Ringerjeans"), and Charles Azrak ("Mr. Azrak")'s motion to vacate the Certificate of Default.

    Defendants intentionally delay the process for the purpose of gaining unjust negotiation advantages. All the products were manufactured per Defendants' specific requirements, bearing Defendants' trademark. Instead of authorizing Plaintiff to resell these products, Defendants offer to buy those products at an unreasonably low price. Plaintiff now is incurring significant incidental damages such as warehousing cost and can't afford any more delays.

    Defendants knew about this lawsuit on or before August 12, 2022. Defendants slept on their rights to defend themselves in this Court for months. As a result of this intentional delay, Plaintiff has been severely prejudiced. Plaintiff respectfully asked the Court to deny Defendant's motion to vacate the Certificate of Default.

**I. Plaintiff properly served all four Defendants**

    A. <u>Service on Mr. Charles Azrak</u>

    In Mr. Azrak's newly submitted declaration [Dkt. No. 49], he denied living at 414 Avenue S., Brooklyn, New York. ("414 Address"). To find out about the truth, Plaintiff contacted abclegal after Defendants filed their motion to vacate regarding improper service of process. Abclegal later provided an Investigation Report. *See.* Exhibit A. The Investigation Report states the following facts:
    1. Process server Islam Alaaeldin reported that "an individual who refused to give their name who indicated they (this Jane Doe and Mr. Azrak) were the **co-resident.**" Ex.A at 1.

2. Process server Islam Alaaeldin also stated that during his service attempt on 08/24/2022, he saw a mail addressed to Mr. Azrak, "an envelope hanging on the door addressed to Charles Azrak." Ex.A at 2.

Based on the information stated in abclegal's Investigation Report and the information provided by Plaintiff in Plaintiff's motion for default judgment, such as Mr. Azrak registered this 414 Address as the "Service of Process Address" for Soho Partners and Michael Fashion, Plaintiff thinks that Mr. Azrak's statement in his declaration is untrustworthy. The 414 address is Mr. Azrak's dwelling or usual place of abode. The service performed on Mr. Azrak is proper under CPLR 308(2).

B. <u>Service on Soho Partners, Michael Fashion and Ringerjeans LLC</u>

Abclegal provided an Investigation Report regarding the service of process performed on Michael Fashion. *See*. Exhibit B Michael Fashion and Soho Partners were served together, so the contents in this Investigation Report also applies to Soho Partners. This report indicated that process server Mr. Alaaeldin "spoke with a woman who... stated she was authorized to accept service for Michael Fashion Consulting LLC." *Id*. at 2.

Abclegal also provided an Investigation Report regarding the service of process performed on Ringerjeans LLC. *See*. Exhibit C. The Investigation Report states that "on arriving to the address, the process server asks for someone who is authorized to receive legal documents, so the server is confident that individual served identified themselves as someone who was authorized." *Id*. at 2.

In tendering service, the process server may rely upon the corporation's employees to identify the individuals authorized to accept service. *Fashion Page, Ltd. v. Zurich Ins. Co*., 50 N.Y.2d 265, 272-273, 428 N.Y.S.2d 890, 406 N.E.2d 747 (1980). As long as the process server's reliance on corporate personnel is reasonable, the defendant may not later complain that it lacked notice even if the complaint was mistakenly delivered to a person who was not authorized to accept service. *Id*. at 273-74.

Mr. Alaaeldin went to the three Defendants' shared business address at 499 7th Avenue, 12th Floor, New York, NY 10018. ("the 499 Address") He directly talked to the people coming out of this business address. These two people stated to Mr. Alaaeldin that they were employees of the Defendants and they were authorized to accept service. Mr. Alaaeldin's reliance on Ms. Dyer and Mr. James' statement regarding their authorization is reasonable.

Though Mr. Azrak denied Ms. Dyer and Mr. James are employees of the 3 defendants, such denial should not be taken into account because Mr. Azrak's declaration doesn't refutes specific facts established by Mr. Alaaeldin. Mr. Azrak did not dispute that the 499 Address is the shared business address for all three LLC defendants. Mr. Azrak did not dispute that Ms. Dyer and Mr. James were working in that address at the time of service. Mr. Azrak neither dispute that it was unreasonable for Mr. Alaaeldin to rely on the directions of Ms. Dyer and Mr. James. And Mr. Azrak did not dispute Ms. Dyer and Mr. James were actually served with the summons.

In conclusion, the service performed on all of the three LLC defendants is proper under CPLR§311-a, category (iv).

## II. Bad faith can be found in Defendants' actions and Plaintiff will be severely prejudiced if the Certificate of Default is vacated

In Plaintiff's motion for Default Judgment, Plaintiff has stated in details about Defendants' malicious acts. To save Court's time, Plaintiff will only emphasize several facts to show Defendants' bad faith:

1. Defendants knew about the current lawsuit on or before August 12, 2022. Defendants' attorney filed his appearance on September 29, 2022. Defendants successfully delayed this proceeding for over 1.5 month.
2. Plaintiff trusted Defendants statement that they want to settle this dispute amicably. Thus Plaintiff was agreeable to a joint stipulation vacating certificate of default. However, after another 15 days of delay, Defendants proposed an insanely low number. Plaintiff now is forced to litigate this case to prevent further delay.
3. Defendants took possession of Plaintiff's goods under order DFI-KK-VEL-1020 since January 17, 2022. Defendants neither pay for the goods nor returns the goods to Plaintiff. For the orders still in Plaintiff's possession, Defendants refuse to authorize Plaintiff to resell those goods to mitigate losses.
4. Till the end of October, Plaintiff has incurred $41,860 storage cost due to Defendants' breach. Because now Defendants are trying to fully litigate this case, to avoid more storage cost, Plaintiff has no choice but to arrange the goods to be returned to China, which will further incur additional shipping cost.

## III. Conclusion

In light of Defendants' own choice of sleeping on their right to defend themselves for months and because Plaintiff has properly served the four defendants, Plaintiff respectfully asks the Court to deny Defendants' motion to vacate the Certificate of Default.

Respectfully Submitted,

 /s/ Ruoting Men 
Ruoting Men, Esq.

Cc:  Via ECF Counsel of Record