

Joseph Lee Matalon
Partner

**WACHTEL** MISSRY

1602 Lawrence Avenue/Suite 110
Ocean, New Jersey 07712

(212) 969-9675 (direct)
JLMatalon@wmllp.com

WWW.WMLLP.COM

November 28, 2022

<u>VIA ECF</u>

Hon. Stewart D. Aaron, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl St. New York, NY 10007-1312

Re: Dongguan Fengshang Industrial Co. Ltd. v. Soho Partners Group LLC,
Case No: 1:22-cv-06275-SDA

Dear Judge Aaron:

Defendants respectfully submit this letter in opposition to plaintiff's motion for a default judgment, and in further support of its own motion for an order vacating the default entered by the Clerk.

Plaintiff has failed to sustain its burden of establishing proper service of process. Charles Azrak has declared under penalties of perjury that at the time of alleged service in this action, he was residing on Ocean Parkway in Brooklyn, and even had an interim abode after moving out of his parents' house at 414 Avenue S. Although defendant says that it "thinks that Mr. Azrak's statement in his declaration is untrustworthy," it fails to adduce any admissible *evidence* contradicting Mr. Azrak's assertions. Thus, there is not even a triable issue of fact warranting a hearing on that issue. Similarly, plaintiff concedes that the employees allegedly served with process do not fall within the enumerated categories of persons who may be served on behalf of an entity. Instead, it relies on <u>Fashion Page Ltd. v. Zurich Ins. Co.</u>, 50 N.Y.2d 265 (1980), which is not only distinguishable on its face, but the pertinent facts amounting to an "estoppel" to deny service were established at an evidentiary hearing. By contrast, plaintiff's "evidence" on this motion consists of nothing more than double or triple hearsay in an "investigation report" reciting what the process server told the report's author. None of those allegations regarding the employees' appointment of themselves as authorized recipients of process, even if credited, rise to the level of an estoppel against the entities. So the motion should be denied without a hearing.

In any event, and on this motion record, it is clear that an evidentiary hearing must be held before a default judgment against any defendant may be entered. We suggest, however, that such a hearing need not be held, because even if service is found to have been proper, the facts,

circumstances and arguments set forth in defendants' motion to vacate the certificate of default have not been effectively rebutted by plaintiff.  Indeed, in light of the materials supplied by defendants on their motion, plaintiff is now forced to admit that "Plaintiff was agreeable to a joint stipulation vacating [the] certificate of default." (DKT 53, p. 2).  Its excuse for attempting to renege on the agreement?  "Defendants proposed an insanely low number."  Obviously, the parties' agreement to vacate the default certificate was not predicated on plaintiff's unilateral satisfaction with the ensuing settlement proposal.  Thus, this Court should enforce the undisputed agreement to vacate the default.  Alternatively, it should take that fact into account, along with the other facts, to find good cause to vacate the default  under F.R.Civ.P. 55(c).

Accordingly, for the above reasons and those set forth in defendants' prior submission, defendants' motion should be granted, and plaintiff's motion denied.

Respectfully,

*Joseph Lee Matalon*

Joseph Lee Matalon