```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/06/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dongguan Fengshang Industrial Co., Ltd.,

                  Plaintiff,

-against-

Soho Partners Group, LLC, et al.,

                  Defendants.

1:22-cv-06275 (SDA)

OPINION AND ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Pending before the Court is a motion by Defendants Soho Partners Group LLC ("Soho Partners"), Michael Fashion Consulting LLC ("Michael Fashion"), Ringerjeans LLC ("Ringerjeans"), and Charles Azrak ("Azrak") (collectively, the "Defendants") to vacate the Certificate of Default entered against them (Defs.' Ltr. Mot., ECF No. 48), and a motion by Plaintiff Dongguan Fengshang Industrial Co., Ltd. ("Plaintiff" or "Dongguan") for a default judgment against Defendants. (Pl.'s Not. of Mot., ECF No. 50.) For the reasons set forth below, Defendants' motion is GRANTED and Plaintiff's motion is DENIED.

## BACKGROUND

On July 25, 2022, Dongguan commenced this action against Defendants Soho Partners and Michael Fashion for breach of contract based upon certain purchase orders. (*See* Compl., ECF No. 1.) On August 13, 2022, Dongguan filed an Amended Complaint, in which it added as defendants Ringerjeans and Azrack, alleging that they were alter egos of Soho Partners and Michael Fashion, and that Azrack committed fraud. (*See* Am. Compl., ECF No. 15, ¶¶ 63-95.)

On September 26, 2022, Dongguan filed proofs of service stating that Soho Partners was served on August 16, 2022; Fashion Consulting was served on August 16, 2022; Ringerjeans was

served on August 23, 2022; and Azrack was served on August 25, 2022.[1] (9/26/22 Proofs of Service, ECF Nos. 29-32.) On September 28, 2022, Dongguan filed amended Proofs of Service as to Azrack and Ringerjeans. (9/28/22 Proofs of Service, ECF Nos. 37-38.) On September 29, 2022, a Clerk's Certificate of Default was entered against the Defendants. (Clerk's Cert., ECF No. 41.) On the same day, defense counsel entered Notices of Appearance on behalf of the Defendants. (9/29/2022 Nots. Of Appearance, ECF Nos. 42-43.)

Less than a month later, on October 24, 2022, counsel for Dongguan and counsel for Defendants filed a consent to my jurisdiction. (10/24/22 Consent, ECF No. 45.) On October 28, 2022, I held a telephone conference at which only counsel for Dongguan appeared. Following the conference, I entered an Order directing that Plaintiff file its motion for default judgment no later than November 11, 2022, and that, if Defendants sought to vacate the Clerk's Certificate of Default, then no later than November 11, 2022, Defendants must file their motion to vacate. (10/28/22 Order, ECF No. 47.) Thereafter, on November 11, 2022, Plaintiff and Defendants timely filed the motions that are now before the Court.

## LEGAL STANDARDS

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Once an entry of default has been made, the defendant may move to set aside the default pursuant to Rule 55(c) for good cause shown. Fed. R. Civ. P. 55(c).

---

[1] Curiously, two of the Proofs of Service have attached to them a New York state court form of "Additional Notice of Lawsuit." (*See* ECF Nos. 29 & 30 at PDF pp. 3-4; *see also* ECF Nos. 37 & 38 at PDF pp. 3-4.)

Where, as here, a Certificate of Default has been entered by the Clerk of the Court, but no default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to Rule 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b).").

In determining whether good cause exists to set aside an entry of default, courts consider: (1) "the willfulness of the default"; (2) "the existence of a meritorious defense"; and (3) "the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "It is well established that default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky*, 249 F.3d at 174.

"The determination of whether to set aside a default is left to the 'sound discretion of the judge, the person [who is] most familiar with the circumstances of the given case and . . . in the best position to evaluate the good faith and credibility of the parties.'" *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (ellipsis in original) (quoting *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)).

3

**ANALYSIS**

Applying the relevant factors, the Court, in its discretion, finds that Defendants' default must be set aside, as discussed below. As such, there is no basis to enter a default judgment against Defendants.

**I.    Willfulness**

On the present record, the Court cannot determine if Defendants' default was willful under the relevant legal standards. A finding of willfulness is appropriate where "there is evidence of bad faith" or the default arose from "egregious or deliberate conduct." *Holland v. James*, No. 05-CV-05346 (KMW) (KNF), 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60-61 (2d Cir. 1996)). Courts should "resolve any doubt about [a defendant's] willfulness in [its] favor." *Raheim v. New York City Health and Hosps. Corp.*, No. 96-CV-01045 (JFB) (CPP), 2007 WL 2363010, at *4 (E.D.N.Y. Aug. 14, 2007) (citing *Enron*, 10 F.3d at 98).

Defendants contend that they were not properly served. Defendants contend that the Soho Partners, Fashion Consulting and Ringerjeans were not served through authorized persons and that Azrack did not reside at the address where he purportedly was served. (Azrack Decl., ECF No. 49, ¶¶ 2-6.) Plaintiff, on the other hand, contends that all four Defendants properly were served. (Defs.' Mem., ECF No. 51, at 6-9; Defs.' 11/28/22 Ltr., ECF No. 53, at 1-2.) If Defendants were not properly served with the Amended Complaint, then their failure to respond to it cannot be willful. However, without holding an evidentiary hearing, the Court cannot determine whether service was proper. As discussed below, no hearing is necessary because, even if Defendants'

4

conduct was willful, the Court finds, in its discretion, that the Certificate of Default must be vacated, as explained below.

## II. Meritorious Defense

The Court finds that Defendants have established a meritorious defense. "In order to make a sufficient showing of a meritorious defense, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Oscilloscope Pictures, Inc. v. Monbo*, No. 17-CV-07458 (MKB) (ST), 2019 WL 2435644, at *7 (E.D.N.Y. Mar. 25, 2019) (alteration omitted) (quoting *New York v. Green*, 420 F.3d 99, 109 (2d Cir. 2005)); *see also Am. All. Ins. Co., Ltd.*, 92 F.3d at 61 (defense "need not be ultimately persuasive at this stage" to satisfy this factor).

Ringerjeans and Azrack contend that they did not have any contractual or other business relationship with Plaintiff. (Azrack Decl. ¶ 7.) It will be Plaintiff's burden to establish that these defendants were alter egos of other defendants. With respect to Soho Partners and Michael Fashions, *i.e.*, the defendants that entered into purchase orders with Plaintiff, they contend that apparel orders were delivered late in breach of the terms of the purchase orders. (*See id*. ¶ 8.) Thus, Defendants have articulated plausible meritorious defenses to Plaintiff's claims.

## III. Prejudice

Plaintiff has not established that it will suffer any significant level of prejudice by vacating the default. At most, if successful, Plaintiff has suffered delay in recovering a money judgment against Defendants, but Defendants would be recompensed for such delay by recovery of prejudgment interest at the New York statutory rate. Another indicia of the lack of prejudice is the fact that Plaintiff previously had agreed to stipulate to vacating the Certificate of Default

before settlement negotiations failed. (*See* Defs.' 11/28/22 Ltr. at 3 ("Plaintiff was agreeable to a joint stipulation vacating certificate of default.").)

Because of the existence of a meritorious defense and the lack of prejudice, and given the Second Circuit's strong preference for resolving cases on the merits, the Court finds that the equities favor vacating the entry of default. *See Holzman Fabian Diamonds Ltd. v. R & E Diamonds LLC*, No. 17-CV-09489 (AJN), 2019 WL 1099944, at *4 (S.D.N.Y. Mar. 8, 2019) (granting motion to set aside clerk's entry of default despite finding that "[d]efendant's default was willful" and that defendant had only put forward "the bare minimum for showing the possibility of meritorious defenses").

## CONCLUSION

For the foregoing reasons, Defendants' motion to vacate the default (ECF No. 48) is GRANTED, and Plaintiff's motion for a default judgment (ECF No. 50) therefore is DENIED. No later than January 5, 2023, Defendants shall respond to Plaintiff's Amended Complaint.

**SO ORDERED.**

Dated:   December 6, 2022
         New York, New York

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　**STEWART D. AARON**
　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**