UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONGGUAN FENGSHANG INDUSTRIAL
CO. LTD.,

                                        Plaintiff,

            vs.

SOHO PARTNERS GROUP LLC,
MICHAEL FASHION CONSULTING LLC,
RINGERJEANS LLC, and CHARLES
AZRAK,

                                        Defendants.

Case No. 22-cv-06275 (SDA)

**ANSWER AND COUNTERCLAIM
BY SOHO PARTNERS GROUP
LLC AND MICHAEL FASHION
CONSULTING LLC**

        Defendants Soho Partners Group LLC ("Soho Partners"), Michael Fashion Consulting

LLC ("Michael Fashion"), Ringerjeans LLC ("Ringerjeans"), and Charles Azrak ("Azrak")

(collectively, the "Defendants") (Soho Partners and Michael Fashion only, the "Counterclaim-

Plaintiffs") hereby Answer, and the Counterclaim-Plaintiffs hereby Counterclaim, against the

Amended Complaint brought by Plaintiff and Counterclaim-Defendant Dongguan Fengshang

Industrial Co., Ltd. ("Plaintiff" or "Dongguan"), as follows:

### Jurisdiction and Venue

        1.      Defendants do not respond to legal conclusions set forth in Paragraph 1 of the

Amended Complaint and deny the balance of any allegations contained therein.

        1)      Defendants lack knowledge or information sufficient to admit or deny the

allegations set forth in Paragraph 1(1) of the Amended Complaint.

        2)      Defendants admit that Soho Partners Group LLC is a New York limited

liability company and deny the balance of allegations set forth in Paragraph 1(2) of the

Amended Complaint.

3)      Defendants admit that Michael Fashion Consulting LLC is a New York limited liability company and deny the balance of allegations set forth in Paragraph 1(3) of the Amended Complaint.

4)      Defendants admit that Ringerjeans LLC is a New York limited liability company with membership interests held by Charles Azrak (99%) and his wife Lilian Azrak (1%) and deny the balance of allegations set forth in Paragraph 1(4) of the Amended Complaint.

5)      Defendants admit that Azrak resides in the State of New York and deny the balance of allegations set forth in Paragraph 1.5 of the Amended Complaint.

2.      Defendants admit that Azrak resides in New York, deny the balance of any allegations set forth in Paragraph 2 of the Amended Complaint, and do not respond to any legal conclusions set forth therein.

**<u>Parties</u>**

3.      Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 3 of the Amended Complaint.

4.      Defendants admit that Soho Partners is a New York limited liability company that maintained offices at 35 West 35th Street, Suite 400, New York, New York 10001 through approximately April 2022, and deny the balance of allegations set forth in Paragraph 4 of the Amended Complaint.

5.      Defendants admit that Michael Fashion is a New York limited liability company that maintained offices at 35 West 35th Street, Suite 400, New York, New York 10001 through approximately April 2022, and deny the balance of allegations set forth in Paragraph 5 of the Amended Complaint.

6.      Defendants admit that Ringerjeans is a New York limited liability company that maintained offices at 148 West 37th Street, New York, New York 10018 through approximately April 2022, and deny the balance of allegations set forth in Paragraph 6 of the Amended Complaint.

7.      Defendants deny the allegations set forth in Paragraph 7 of the Amended Complaint.

8.      Defendants deny the allegations set forth in Paragraph 8 of the Amended Complaint.

9.      Defendants deny the allegations set forth in Paragraph 9 of the Amended Complaint.

10.     Defendants do not respond to the legal conclusions set forth in Paragraph 10 of the Amended Complaint and deny the balance of any allegations contained therein.

11.     Defendants lack knowledge or information sufficient to admit or deny the allegations about Plaintiff set forth in Paragraph 11 of the Amended Complaint.

12.     Defendants admit that Malory Gerson was an employee of Ringerjeans through approximately December 2022 and lack knowledge or information sufficient to admit or deny the balance of allegations set forth in Paragraph 12 of the Amended Complaint.

13.     Defendants admit that Malory Gerson used an email address "@rj-brands.com," and lack knowledge or information sufficient to admit or deny the balance of allegations set forth at Paragraph 13 of the Amended Complaint.

14.     Defendants admit that Purchase Order No. DFI-KK-VEL-1020 was issued on or about August 10, 2021, refer thereto for a complete and accurate statement of its contents, lack

knowledge or information sufficient to admit or deny the statements allegedly made by Ms. Gerson, and deny the balance of allegations set forth at Paragraph 14 of the Amended Complaint.

15.     Defendants admit that Purchase Order No. DFI-KK-VEL-1020 was paid and refer to the document for a complete and accurate statement of its contents, deny that Purchase Order No. DFI-KK-VEL-1020 was paid for by RJ Vintage LLC, admit that Azrak is the majority owner of RJ Vintage LLC, and deny the balance of allegations set forth at Paragraph 15 of the Amended Complaint.

16.     Defendants admit that they were or have been in the business of supplying apparel manufactured under the Kendall+Kylie and Cali Active brands to retail store customers Marmaxx and Burlington and lack knowledge or information sufficient to admit or deny the balance of allegations set forth at Paragraph 16 of the Amended Complaint.

17.     Defendants deny the allegations set forth at Paragraph 17 of the Amended Complaint except admit that, after Michael Fashion issued Purchase Order No. DFI-KK-VEL-1020 on or about August 10, 2021, Soho Partners issued Purchase Order No. DFI-CALI-1230 on or about October 5, 2021, Michael Fashion issued Purchase Order No. DFI-KKPERF-1230X on or about October 22, 2021, and Soho Partners issued Purchase Order No. DFI-C&C-115X on or about October 27, 2021.

18.     Defendants admit that Soho Partners issued Purchase Order No. DFI-CALI-1230 and refer to the document for a complete and accurate statement of its contents in response to Paragraph 18 of the Amended Complaint.

19.     Defendants admit that Plaintiff provided a "Proforma Invoice" with respect to Purchase Order No. DFI-CALI-1230 and refer to the document for a complete and accurate statement of its contents in response to Paragraph 19 of the Amended Complaint.

20.     Defendants admit that Michael Fashion issued Purchase Order No. DFI-KKPERF-1230X and refer to the document for a complete and accurate statement of its contents in response to Paragraph 20 of the Amended Complaint.

21.     Defendants admit that Soho Partners issued Purchase Order No. DFI-C&C-115X and refer to the document for a complete and accurate statement of its contents in response to Paragraph 21 of the Amended Complaint.

22.     Defendants admit that Plaintiff provided a "Proforma Invoice" with respect to Purchase Order Nos. DFI-KKPERF-1230X and DFI-C&C-115X and refer to each document for a complete and accurate statement of their respective contents in response to Paragraph 22 of the Amended Complaint.

23.     Defendants admit that Plaintiff was responsible for delivery of merchandise pursuant to the Purchase Orders referenced above in response to Paragraph 23 of the Amended Complaint.

24.     Defendants refer to the documents for a complete and accurate statement of their respective contents and deny the balance of allegations set forth in Paragraph 24 of the Amended Complaint.

25.     Defendants refer to the documents for a complete and accurate statement of their respective contents and deny the balance of allegations set forth in Paragraph 25 of the Amended Complaint.

26.     Defendants refer to the documents for a complete and accurate statement of their respective contents and deny the balance of allegations set forth in Paragraph 26 of the Amended Complaint.

27.     Defendants refer to the documents for a complete and accurate statement of their respective contents and deny the balance of allegations set forth in Paragraph 27 of the Amended Complaint.

28.     Defendants deny the allegations set forth in Paragraph 28 of the Amended Complaint, except as to allegations that Plaintiff is currently in possession of the goods under Purchase Order Nos. DFI-KKPERF-1230X and DFI-C&C-115X, which Defendants lack knowledge or information sufficient to admit or deny.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Amended Complaint.

30.     Defendants admit the allegations set forth in Paragraph 30 of the Amended Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Amended Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Amended Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Amended Complaint.

**<u>COUNT I</u>**
**<u>BREACH OF CONTRACT</u>**
**(Purchase Order Number:DFI-CALI-1230)**
**Against Soho Partners**

34.     Defendants repeat and re-allege the paragraphs set forth above as if fully set forth herein in response Paragraph 34 of the Amended Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Amended Complaint, except admit that Purchase Order No. DFI-CALI-1230 is or was a contract between Soho Partners and Plaintiff.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Amended Complaint.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Amended Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Amended Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of the Amended Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Amended Complaint.

**COUNT II**
**BREACH OF CONTRACT**
**(Purchase Order Number:DFI-KKPERF-1230X)**
**Against Michael Fashion**

41.     Defendants repeat and re-allege the paragraphs set forth above as if fully set forth herein in response Paragraph 41 of the Amended Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Amended Complaint, except admit that Purchase Order No. DFI-KKPERF-1230X is or was a contract between Michael Fashion and Plaintiff.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Amended Complaint.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Amended Complaint.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Amended Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Amended Complaint.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Amended Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Amended Complaint.

**<u>COUNT III</u>**
**<u>BREACH OF CONTRACT</u>**
**(Purchase Order Number:DFI-C&C-115X)**
**Against Soho Partners**

52.     Defendants repeat and re-allege the paragraphs set forth above as if fully set forth herein in response Paragraph 52 of the Amended Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Amended Complaint, except admit that Purchase Order No. DFI-C&C-115X is or was a contract between Soho Partners and Plaintiff.

54.     Defendants deny the allegations set forth in Paragraph 54 of the Amended Complaint.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Amended Complaint.

56.     Defendants do not respond to legal conclusions contained in Paragraph 56 of the Amended Complaint and deny the balance of allegations set forth therein.

57.     Defendants do not respond to legal conclusions contained in Paragraph 57 of the Amended Complaint and deny the balance of allegations set forth therein.

58.     Defendants do not respond to legal conclusions contained in Paragraph 58 of the Amended Complaint and deny the balance of allegations set forth therein.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Amended Complaint.

60.     Defendants deny the allegations set forth in Paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Amended Complaint.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Amended Complaint.

**COUNT IV**
**BREACH OF CONTRACT/ALTER EGO LIABILITY**
**(All Purchase Orders)**
**Against Ringerjeans**

63.     Defendants repeat and re-allege the paragraphs set forth above as if fully set forth herein in response Paragraph 63 of the Amended Complaint.

64.     Defendants do not respond to legal conclusions contained in Paragraph 64 of the Amended Complaint and deny the balance of allegations set forth therein.

65.     Defendants do not respond to legal conclusions contained in Paragraph 65 of the Amended Complaint and deny the balance of allegations set forth therein.

66.     Defendants do not respond to legal conclusions contained in Paragraph 66 of the Amended Complaint and deny the balance of allegations set forth therein.

67.     Defendants admit that they are affiliated companies under common ownership and management and deny the balance of allegations set forth in Paragraph 67.

68.     Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 68.

69.     Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 69.

70.     Defendants deny the allegations set forth in Paragraph 70.

## COUNT V
## BREACH OF CONTRACT/VEIL PIERCING-ALTER EGO
### (All Purchase Orders)
### Against Charles Azrak

71.     Defendants repeat and re-allege the paragraphs set forth above as if fully set forth herein in response Paragraph 71 of the Amended Complaint.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Amended Complaint.

73.     Defendants admit that Soho Partners and Michael Fashion shared the same office address and could be served with process through the Secretary of State, and deny the balance of allegations set forth in Paragraph 73 of the Amended Complaint.

74.     Defendants lack knowledge or information sufficient to admit or deny allegations about Ms. Gerson and deny the balance of allegations set forth in Paragraph 74 of the Amended Complaint.

75.     Defendants deny the allegations set forth in Paragraph 75 of the Amended Complaint.

76.     Defendants deny the allegations set forth in Paragraph 76 of the Amended Complaint.

77.     Defendants deny the allegations set forth in Paragraph 77 of the Amended Complaint.

78.     Defendants deny the allegations set forth in Paragraph 78 of the Amended Complaint.

79.     Defendants deny the allegations set forth in Paragraph 79 of the Amended Complaint.

80.     Defendants deny the allegations set forth in Paragraph 80 of the Amended Complaint.

<u>COUNT VI</u>
<u>FRAUD</u>
**Against Charles Azrak**

81.     Defendants repeat and re-allege the paragraphs set forth above as if fully set forth herein in response Paragraph 81 of the Amended Complaint.

82.     Defendants deny the allegations set forth in Paragraph 82 of the Amended Complaint.

83.     Defendants deny the allegations set forth in Paragraph 83 of the Amended Complaint.

84.     Defendants deny the allegations set forth in Paragraph 84 of the Amended Complaint.

85.     Defendants deny the allegations set forth in Paragraph 85 of the Amended Complaint.

86.     Defendants deny the allegations set forth in Paragraph 86 of the Amended Complaint.

87.     Defendants deny the allegations set forth in Paragraph 87 of the Amended Complaint.

88.     Defendants deny the allegations set forth in Paragraph 88 of the Amended Complaint.

89.     Defendants deny the allegations set forth in Paragraph 89 of the Amended Complaint.

90.     Defendants deny the allegations set forth in Paragraph 90 of the Amended Complaint.

91.     Defendants deny the allegations set forth in Paragraph 91 of the Amended Complaint.

92.     Defendants deny the allegations set forth in Paragraph 92 of the Amended Complaint.

93.     Defendants deny the allegations set forth in Paragraph 93 of the Amended Complaint.

94.     Defendants deny the allegations set forth in Paragraph 94 of the Amended Complaint.

95.     Defendants deny the allegations set forth in Paragraph 95 of the Amended Complaint.

Defendants generally deny allegations not specifically addressed above, including, without limitation, all allegations relating to relief requested by Plaintiff and demand for jury trial.

## Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE.

The Amended Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE.

The Amended Complaint should be dismissed, in whole or in part, for failure of express conditions precedent to Defendants' obligations under Purchase Order Nos. DFI-CALI-1230, DFI-KKPERF-1230X, and DFI-C&C-115X (each a "Purchase Order," and collectively, the "Purchase Orders").

### THIRD AFFIRMATIVE DEFENSE.

The Amended Complaint should be dismissed, in whole or in part, for failure of implied conditions precedent to Defendants' obligations under each Purchase Order.

### FOURTH AFFIRMATIVE DEFENSE.

The Amended Complaint must be dismissed to the extent of Plaintiff's failure to deliver the goods contracted for under Purchase Order Nos. DFI-KKPERF-1230X and DFI-C&C-115X.

**FIFTH AFFIRMATIVE DEFENSE.**

The Amended Complaint must be dismissed to the extent of Plaintiff's failure to timely deliver the goods contracted for under each Purchase Order.

**SIXTH AFFIRMATIVE DEFENSE.**

The Amended Complaint must be dismissed against Ringerjeans and Azrak because Plaintiff is not in privity of contract with those parties.

**SEVENTH AFFIRMATIVE DEFENSE.**

The Amended Complaint must be dismissed against Ringerjeans and Azrak because Plaintiff has failed to adequately allege facts to support its assertions that the corporate veils of Soho Partners or Michael Fashion should be pierced under any veil-piercing theory.

**EIGHTH AFFIRMATIVE DEFENSE.**

The Amended Complaint must be dismissed to the extent it fails to plead fraud with particularity.

**NINTH AFFIRMATIVE DEFENSE.**

The Amended Complaint should be dismissed because the Purchase Orders were canceled prior to acceptance of the goods.

**TENTH AFFIRMATIVE DEFENSE.**

The Amended Complaint should be dismissed because acceptance of delivery of the goods under each Purchase Order was timely rejected or revoked.

**ELEVENTH AFFIRMATIVE DEFENSE.**

The Amended Complaint is barred, in whole or in part, by Plaintiff's failure to give

adequate assurances, despite due demand, of its performance under the Purchase Orders.

**TWELFTH AFFIRMATIVE DEFENSE.**

The Amended Complaint is barred, in whole or in part, by Plaintiff's false and fraudulent

assurances of timely performance and delivery goods under the Purchase Orders.

**THIRTEENTH AFFIRMATIVE DEFENSE.**

The Amended Complaint is barred, in whole or in part, by Plaintiff's failure to act in a

commercially reasonable manner with respect to incurring incidental damages, among other

things.

**FOURTEENTH AFFIRMATIVE DEFENSE.**

The Amended Complaint should be dismissed based upon Plaintiff's prior breach of the

terms of each Purchase Order.

**FIFTEENTH AFFIRMATIVE DEFENSE.**

The Amended Complaint should be dismissed based upon Plaintiff's repudiation of each

Purchase Order.

**SIXTEENTH AFFIRMATIVE DEFENSE.**

The Amended Complaint should be dismissed, in whole or in part, for Plaintiff's failure

to mitigate damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE.

The Amended Complaint should be dismissed, in whole or in part, based upon accord and satisfaction.

## EIGHTEENTH AFFIRMATIVE DEFENSE.

The Amended Complaint should be dismissed, in whole or in part, based upon waiver.

## NINETEENTH AFFIRMATIVE DEFENSE.

The Amended Complaint should be dismissed, in whole or in part, based upon estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE.

The Amended Complaint should be dismissed, in whole or in part, based upon laches.

## TWENTY-FIRST AFFIRMATIVE DEFENSE.

The Amended Complaint is barred, in whole or in part, by the doctrine of *in pari delicto*.

## TWENTY-SECOND AFFIRMATIVE DEFENSE.

The Amended Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-THIRD AFFIRMATIVE DEFENSE.

The Amended Complaint is barred, in whole or in part, for failure of consideration.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE.

The Amended Complaint should be dismissed, in whole or in part, based on the express terms of the contract.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE.**

The Amended Complaint should be dismissed, and sums demanded thereon reduced, in whole or in part, based on setoff or recoupment.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE.**

Plaintiff is barred, in whole or in part, from recovery of unenforceable penalties demanded as damages in the Amended Complaint.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE.**

The Amended Complaint, including monetary relief, attorneys' fees and costs sought therein, is barred, in whole or in part, by the provisions or omissions of the contract.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE.**

The Amended Complaint is barred, in whole or in part, by frustration of the purpose.

**TWENTY-NINTH AFFIRMATIVE DEFENSE.**

The Amended Complaint is barred, in whole or in part, by Plaintiff's failure to make pre-suit demand or provide adequate notice of the alleged breach.

**THIRTIETH AFFIRMATIVE DEFENSE.**

The Amended Complaint is barred, in whole or in part, because Plaintiff's retention of any benefit would result in unjust enrichment.

**THIRTY-FIRST AFFIRMATIVE DEFENSE.**

The Amended Complaint is barred, in whole or in part, by Plaintiff's own acts or omissions in hindrance and prevention of performance.

**THIRTY-SECOND AFFIRMATIVE DEFENSE.**

The Amended Complaint is barred, in whole or in part, by the doctrine of parole

evidence.

**THIRTY-THIRD AFFIRMATIVE DEFENSE.**

The Amended Complaint should be dismissed, in whole or in part, for Plaintiff's breach

of the implied covenant of good faith and fair dealing.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE.**

The Amended Complaint should be dismissed, in whole or in part, because Plaintiff has

suffered no cognizable injury.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE.**

The Amended Complaint should be dismissed, in whole or in part, because Plaintiff has

suffered no actual damages.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE.**

The Amended Complaint is barred, in whole or in part, by the doctrine of

unconscionability.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE.**

The Amended Complaint is barred, in whole or in part, by Plaintiff's fraudulent

inducement of Defendants' acts and omissions.

## COUNTERCLAIM BY SOHO PARTNERS AND MICHAEL FASHION

Defendants/Counterclaim-Plaintiffs Soho Partners and Michael Fashion, hereby allege, as and for their Counterclaim against Plaintiff/Counterclaim-Defendant Dongguan (Soho Partners, Michael Fashion, and Dongguan, each a "Counterclaim Party," and, collectively, the "Counterclaim Parties"), as follows:

1.      Upon information and belief, Dongguan is a Chinese company incorporated and authorized to conduct business in the People's Republic of China, with principal place of business in Dongguan City, Guangdong Province, China.

2.      Upon information and belief, Dongguan has only one member/owner, Ms. Meng, Qizhen, a citizen of China.

3.      Defendant/Counterclaim-Plaintiff Soho Partners is a New York limited liability company whose members, Charles Azrak and Lilian Azrak, are citizens of New York.

4.      Defendant/Counterclaim-Plaintiff Michael Fashion is a New York limited liability company whose members, Charles Azrak and Lilian Azrak, are citizens of New York.

5.      Accordingly, complete diversity exists between the Counterclaim Parties.

6.      On or about August 10, 2021, Michael Fashion and Dongguan entered into Purchase Order No. DFI-KK-VEL-1020, pursuant to which Dongguan was contractually obligated to deliver goods identified thereon by October 20, 2021.

7.      On or about October 5, 2021, Soho Partners and Dongguan entered into Purchase Order No. DFI-CALI-1230, pursuant to which Dongguan was contractually obligated to deliver goods identified thereon by December 30, 2021.

8.      On or about October 22, 2021, Michael Fashion and Dongguan entered into Purchase Order No. DFI-KKPERF-1230X, pursuant to which Dongguan was contractually obligated to deliver goods identified thereon by December 30, 2021.

9.      On or about October 27, 2021, Soho Partners and Dongguan entered into Purchase Order No. DFI-C&C-115X pursuant to which Dongguan was contractually obligated to deliver goods identified thereon by January 15, 2022.

10.     Dongguan knew that Michael Fashion and Soho Partners reasonably relied on Dongguan to timely deliver the goods under contract by the aforementioned Purchase Orders so that Michael Fashion and Soho Partners could timely perform and satisfy their contractual obligations to supply the goods manufactured by Dongguan to retail stores such as Burlington.

11.     Dongguan knew that its breach of contract and failure to timely deliver the goods would cause Michael Fashion and Soho Partners to suffer losses as a result.

12.     As a result of Dongguan's breach of Purchase Order No. DFI-KK-VEL-1020, Michael Fashion suffered actual and consequential damages.

13.     As a result of Dongguan's breach of Purchase Order No. DFI-CALI-1230, Soho Partners suffered actual and consequential damages.

14.     As a result of Dongguan's breach of Purchase Order No. DFI-KKPERF-1230X, Michael Fashion suffered actual and consequential damages.

15.     As a result of Dongguan's breach of Purchase Order No. DFI-C&C-115X, Soho Partners suffered actual and consequential damages.

WHEREFORE, Defendant/Counterclaim-Plaintiffs Michael Fashion and Soho Partners respectfully request that the Court enter judgment against Dongguan in excess of $75,000 to be determined at trial.

Dated:  New York, New York
        January 5, 2023

                                        WACHTEL MISSRY LLP


                                        By: */s/Joseph Lee Matalon*
                                        Joseph Lee Matalon
                                        Stella L. Sainty
                                        One Dag Hammarskjold Plaza
                                        885 Second Avenue, 47th Floor
                                        New York, New York 10017
                                        (212) 909-9500

                                        *Attorneys for Defendants*
                                        *Soho Partners Group LLC, Michael*
                                        *Fashion Consulting LLC, Ringerjeans*
                                        *LLC, and Charles Azrak*