```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| Dongguan Fengshang Indus. Co. Ltd., <br><br> Plaintiff, <br><br> -against- <br><br> Soho Partners Group, LLC et al., <br><br> Defendants. | 1:22-cv-06275 (SDA) <br><br> **OPINION AND ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by Plaintiff Dongguan Fengshang Industrial Co., Ltd. ("Plaintiff") to enforce the Settlement Agreement effective as of May 22, 2024 (the "Settlement Agreement") by and between Plaintiff and Defendants Charles Azrak ("Azrak"), Soho Partners Group LLC ("Soho Partners"), Michael Fashion Consulting LLC ("Michael Fashion") and Ringerjeans LLC ("Ringerjeans" and collectively, the "Defendants"). (Pl.'s 12/9/24 Mot., ECF No. 119.) For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## RELEVANT BACKGROUND

After two years of litigation, Plaintiff and Defendants entered the Settlement Agreement resolving the claims that had been asserted in this action. (Settl. Agmt., ECF No. 119-1, at pp. 1, 7.) Under the terms of the Settlement Agreement, Defendants were obligated to make two payments to Plaintiff: (1) within 10 business days of the Effective Date (*i.e.*, by June 6, 2024), one or more of the Defendants was required to pay to Plaintiff the sum of $100,000.00, and (2) within 183 calendar days of the Effective Date (*i.e.*, by November 21, 2024), one or more of the Defendants was required to pay to Plaintiff the sum of $55,000.00 (*Id.* ¶¶ 1(a), (b).) Plaintiff contends, and Defendants do not dispute, that Defendants failed to make these payments. (Pl.'s

12/9/24 Mot. at 3 ("Defendants . . . have breached the Settlement Agreement, . . . by failing to make any payments."); *see generally* Azrak 12/27/24 Resp., ECF No. 120; Azrak Decl., ECF No. 121.)[1]

Also under the terms of the Settlement Agreement, within six business days from the Effective Date (*i.e.*, by May 31, 2024) Defendants were required to inspect the quality and quantity of the remaining goods that were subject to two disputed purchase orders which goods Plaintiff had not resold and continued to own and possess, and Defendants were to confirm in writing whether the goods were defective or nonconforming and whether they agreed with Plaintiff regarding the quantity (Settl. Agmt. ¶ 2(a).)). In the event that Defendants did not contend that any of the remaining goods were defective or nonconforming and agreed with Plaintiff regarding the quantity of the remaining goods, then the remaining goods were deemed to be accepted by Soho Partners and Defendants would be obligated to pay $2.75 per unit.[2] (*Id.* ¶ 2(b)). Defendants never conducted an inspection of the remaining goods. (Wu Decl., ECF No. 119-2, ¶ 5.)

In addition, under the terms of the Settlement Agreement, Defendants were required to reimburse Plaintiff for the warehouse rent (approximated to be $2,500.00 per month) for the month of May 2024, and for each pro-rated subsequent month until such time as all of the remaining goods departed the warehouse, "provided that Plaintiff furnishe[d] Defendants with

---

[1] Azrak is the only Defendant who responded to the instant motion. None of Soho Partners, Michael Fashion or Ringerjeans LLC responded to Plaintiff's instant motion.

[2] Paragraph 2(b) of the Settlement Agreement only mentions Soho Partners, but paragraph 2(i) states that "each of the Defendants shall be secondarily liable for all of the unique obligations of Soho Partners and Michael Fashion set forth in this Paragraph 2." (Settl. Agmt. ¶ 2(i).)

2

an invoice from the [w]arehouse for each month and proof of Plaintiff's payment of same." (Settl. Agmt. ¶ 2(h).) Plaintiff admits that it has not yet paid the warehouse rent. (*See* Wu Decl. ¶ 3; *see also* Azrak Decl. ¶ 3 ("Plaintiff never furnished any invoices for Warehouse rent to me or the LLC Defendants, nor any evidence that it had paid any such invoices.").)

## **LEGAL STANDARDS**

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Milner v. City of New York*, No. 10-CV-09384 (JGK) (GWG), 2012 WL 3138110, at *3 (S.D.N.Y. Aug. 2, 2012), *report and recommendation adopted*, 2012 WL 6097111 (S.D.N.Y. Dec. 10, 2012) (quoting *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)). "A settlement agreement is a contract that is interpreted according to general principles of contract law." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007).[3]

"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Greenfield v. Philles Records*, 98 N.Y.2d 562, 569 (2002) (citation omitted). "[A] cause of action for breach of contract requires that the plaintiff show the existence of a contract, the performance of its obligations under the contract, the failure of the defendant to perform its obligations and damages resulting from the defendant's breach." *Daire v. Sterling Ins. Co.*, 204 A.D.3d 1189, 1190 (3d Dep't 2022) (cleaned

---

[3] "Whether a district court should apply federal or state law in order to decide a motion to enforce a settlement has not yet been resolved by the Second Circuit." *Lee v. Grove Grp. Advisors LLC*, No. 20-CV-05937 (ALC), 2024 WL 1077894, at *3 (S.D.N.Y. Feb. 29, 2024) (cleaned up). However, "the Second Circuit has noted that there is 'no material difference' between New York law and federal common law on this issue." *Id.* (citing *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 322 (2d Cir. 1997)); *see also Figueroa v. N.Y.C. Dep't of Sanitation*, 475 F. App'x 365, 366 (2d Cir. 2012) (same).

3

up). However, "[n]o action for breach of contract lies where the party seeking to enforce the contract has failed to perform a specified condition precedent[.]" *Redwing Constr. Co., Inc. v. Sexton*, 181 A.D.3d 1027, 1028 (3d Dep't 2020) (cleaned up).

## DISCUSSION

There can be no dispute that Defendants have breached two provisions of the Settlement Agreement. First, Defendants failed to make the two settlement payments in the amounts of $100,000.00 and $55,000.00 due to Plaintiff under paragraph 1(a) and 1(b) of the Settlement Agreement. Thus, Plaintiff is entitled to recover $155,000.00 by reason of such breach.

Second, Defendants failed to inspect the remaining goods in the warehouse and thus did not contend that any of the remaining goods were defective or nonconforming, and also did not contest the quantity of the remaining goods. In the Settlement Agreement, Plaintiff represented and warranted that the quantity of the remaining goods was approximately 68,940 units. (Settl. Agmt. at pp. 1-2.) Defendants breached paragraph 2 of the Settlement Agreement by failing to pay to Plaintiff the sum of $189,585.00 (*i.e.*, 68,940 units X $2.75 per unit). Thus, Plaintiff is entitled to recover $189,585.00 by reason of such breach.[4]

Plaintiff also seeks to recover $20,000.00 for warehouse rent for the months of May, June, July, August, September, October, November and December of 2024. (Pl.'s 12/9/24 Mot. at 1-4.) However, Plaintiff failed to meet the condition precedent to any payment of warehouse rent by Defendants under the plain terms of the Settlement Agreement. The Settlement Agreement expressly states that the payment of warehouse rent by Defendants is due, "provided that

---

[4] Azrak's speculation that Plaintiff "possibly has sold" some of the remaining goods without receiving "consent from the applicable trademark owner(s)" (Azrak Decl. ¶ 5) is not relevant to Defendants' breach of the Settlement Agreement.

Plaintiff furnishe[d] Defendants with an invoice from the [w]arehouse for each month and proof of Plaintiff's payment of same." (Settl. Agmt. ¶ 2(h).) Since Plaintiff admittedly did not perform the condition precedent—that is, it failed to provide monthly invoices to Defendants along with proof of payment, Plaintiff is not entitled to recovery of warehouse rent under the Settlement Agreement. *See Daire*, 204 A.D.3d at 1190.

## **CONCLUSION**

By reason of the foregoing, Plaintiff's motion to enforce the Settlement Agreement is GRANTED IN PART and DENIED IN PART, and Plaintiff is entitled to recover from Defendants the sum of $344,585.00 (*i.e.*, $155,000.00 for monetary payments due under the Settlement Agreement plus $189,585.00 for the remaining goods).

The Clerk of Court is respectfully requested to enter judgment in the amount of $344,585.00 in favor of Plaintiff and against each of Charles Azrak, Soho Partners Group LLC, Michael Fashion Consulting LLC and Ringerjeans LLC, jointly and severally, and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         January 6, 2025

_____
STEWART D. AARON
United States Magistrate Judge